IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| ORAFOL AMERICAS INC.; and ORAFOL EUROPE GMBH, <br><br> Plaintiffs, <br><br> v. <br><br> TROY D. YOUNG, individually; and VINYL FANATIC LLC, <br><br> Defendants. | CIVIL ACTION NO.: 4:20-cv-43 |

## O R D E R

On November 4, 2020, after being advised by the parties that all claims and counterclaims in the case had settled, the Court administratively closed the above-captioned case but provided the parties a forty-five day period to present, at their option, a "dismissal judgment, pursuant to Federal Rule of Civil Procedure 41(a)(2), incorporating the terms of [their] settlement, so the Court may retain jurisdiction to enforce the agreement." (Doc. 34.) The parties have since filed a Joint Stipulation of Dismissal With Prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). (Doc. 35.) They state that, pursuant to the terms of the settlement agreement, all parties stipulate to the dismissal of the action (including all claims and counterclaims) with prejudice and they request that the Court retain jurisdiction to enforce the terms of the agreement. (Id.) While they purport to incorporate by reference the terms of their November 20, 2020 Confidential Settlement Agreement into their *stipulation*, (see id. at p. 1), they have not filed or otherwise provided the Court with a copy of that agreement nor have they presented a dismissal judgment incorporating the terms of that agreement. While the parties have failed to precisely comply with the Court's directive—that, if they wished to have the Court retain jurisdiction to enforce their settlement agreement, they file a dismissal judgment incorporating the terms of their settlement—the Court grants the specific relief requested in the motion. See Kokkonen v. Guardian Life Ins. Co., 511

U.S. 375, 381–82 (1994) ("[W]e think the court is authorized to embody the settlement contract in its dismissal order *or, what has the same effect, retain jurisdiction over the settlement contract[] if the parties agree*."). Accordingly, the Court **DIRECTS** the Clerk of Court to **REOPEN** this action, **DISMISSES** with prejudice all of the parties' claims and counterclaims against each other, and **DIRECTS** the Clerk of Court to enter the appropriate judgment of dismissal and to **CLOSE** this case. However, given that the parties have all consented to the Court retaining jurisdiction over this case for the purpose of enforcing their settlement agreement, the Court **RETAINS** jurisdiction to enforce the terms of the settlement agreement reached by the parties in this case.

  **SO ORDERED**, this 17th day of December, 2020.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA